IN RE FRANCO T. SÁNCHEZ FERRERI, Respondent.

No. 74. Argued April 7, 1953.—Decided May 15, 1953.

*Enrique Báez García* for respondent. *José Trías Monge, Secretary of Justice, Rafael Ydrach Yordán, Assistant Fiscal of the Supreme Court,* and *Jaime García Blanco, Assistant Prosecuting Attorney,* in behalf of the Department of Justice.

PER CURIAM: For the reasons set forth in the Per Curiam decision published in 70 P.R.R. 863, dated February 16, 1950, we rendered judgment ordering the disbarment of Franco T. Sánchez Ferreri from practice as an attorney and notary in Puerto Rico. The gist of those reasons was having charged veterans or their relatives sums in excess of those fixed by §§ 102 and 103 of Title 38, Chapter 2, of the United States Code.

Sánchez Ferreri now appears before us with a petition in which he informs us that ever since his separation he has adopted an expiatory attitude and after meditating deeply on the seriousness of the facts in which he found himself involved, he has sincerely repented, has realized the magnitude of his error and has reformed completely, having during that time taken refuge in the haven of his home and devoted himself to work to support his family, and that in order to keep himself connected with the profession he has been in constant contact with all the attorneys of the district of Aguadilla, where he resides, cooperating with some of them in negotiations not incompatible with his status as a disbarred attorney. He informs us furthermore that if he is again admitted to the practice of his profession he intends to discharge faithfully his duties as an attorney and notary and that he is

willing to submit himself to any rule or provision we deem advisable, as well as to offer any necessary evidence as to his conduct and to appear personally with any such witnesses as might be necessary to show that he is at present enjoying the good reputation which justifies his rehabilitation.

Respondent's petition was accompanied by a document signed by innumerable persons representing different branches of our government in the city of Aguadilla, by the manager of a local bank, the president of the municipal assembly, an Evangelical minister and other prominent persons residing in that community.

After examining both documents, we issued an order on January 30 of this year setting a day to hear in open court the petitioner and any other persons who might wish to testify in connection with his petition. We likewise ordered that the Secretary of Justice and the Bar Association of Puerto Rico be notified with a copy of our order. The petition was finally heard on April 7, the petitioner appearing in person and assisted by counsel, and the Secretary of Justice by the Assistant *Fiscal* of this Court. The Bar Association did not appear.

 The petitioner took the witness stand and upon being examined by his attorney, he stated that he is married; lives with his wife; has three children; does not frequent places of bad reputation; although he drinks liquor, he does so only socially; is not affiliated in any manner whatsoever to any institution attempting to overthrow the Government of the United States by means of violence, being, on the contrary, the Executive Director of the Civil Defense in Aguadilla and being in favor of the American institutions; studied under the Veterans Administration a manual on technical administration and radio repairs and established a business for the sale of radios, as well as other small businesses of the same nature; has not practiced his profession in any

manner whatsoever; has suffered considerably and believes that he has regenerated. On cross-examination by the Assistant *Fiscal* he stated that he had understood the nature of the acts that caused his disbarment and meditated extensively thereon, having fully realized that his action was completely incorrect.

In the written report presented by the Secretary of Justice through the *Fiscal* we are told that in order to determine whether respondent's petition complied with all the requirements established by the decisions of this Court in that connection, the *Fiscal* examined twelve witnesses which in his judgment reflect, one way or another, the community of Aguadilla. They were, The Hon. Willis Ramos Vázquez, Superior Judge; The Hon. Juan B. Zamora, District Judge; The Hon. Rafael A. Guntín López, Mayor of Aguadilla; José Luis R. Cancio, Esq., Attorney-at-law and Director of the Civil Defense; Mr. Benito Cerezo, Principal of the High School; Lic. José Rafael Ferrari, Pharmacist; Mr. Secundino Vélez, Captain of Police; Drs. Pedro J. Zamora and Francisco A. Márquez, Surgeons; Mr. Carmelo Varela Molinary, Internal Revenue Collector; Mr. Simón Amador, Civil Engineer and Mr. Francisco Sánchez García, petitioner's father, all from Aguadilla, and the petitioner himself. The first of them, for example, when asked by the Assistant *Fiscal* if he believed, although it was a matter exclusively within the province of this Court, whether the time during which Mr. Franco T. Sánchez Ferreri has been disbarred from his practice is sufficient to have operated on him the necessary transformation to render him worthy of rehabilitation, he answered:

"I think so. I think that after what has happened to him, if he is rehabilitated, he will be very careful not to indulge again in what caused his disbarment; he has really suffered much, as well as his family; his father is an old man who was sick when he was disbarred and it seems that he became worse and he suffered much on that account. He has also suf-

fered much on account of his wife and his sister who were ashamed because of his disbarment. And if he could turn time backwards, he would surely not have done what he did. We must believe to a certain extent in the exemplariness of punishment, I think that he has reformed and that he would hardly commit another fault that might give rise to a new disbarment after he is rehabilitated."

The other persons examined expressed themselves in similar terms, speaking highly of the petitioner and stating that if he were rehabilitated, they woud not hesitate to entrust their professional matters to him, since they consider him honorable and trustworthy. Héctor Reichard and Julio Fernández Cabrera, Esqs., a practicing attorney the former, and *Fiscal* of the Superior Court, Aguadilla Section, the latter, gave similar statements and their written testimonies under oath may also be found in the record.

As we said in *In re Cruz*, 73 P.R.R. 332, 329; in *In re Charneco*, 72 P.R.R. 838 and in the cases cited in the latter at p. 840: "When a disbarred attorney prays for reinstatement, the gist of the question is not whether said attorney has atoned his guilt or whether he has been sufficiently punished, but rather whether at the time of his application he enjoys such a reputation as to justify his restoration to practice, that is, whether his moral integrity merits his rehabilitation."

The persons who signed the document attached to the petition as well as those examined under oath by the Assistant *Fiscal* of this Court, as we have seen, speak most highly of petitioner's conduct and reputation. Not a single voice spoke against him. We must, therefore, conclude that he enjoys such a reputation as to deserve to be readmitted to the practice of his profession.

An order will be entered granting the petition and authorizing the petitioner to exercise anew his profession as attorney and notary.